**Exhibit A**

JAN 1 9 REC'D

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
CALENDAR: H
PAGE 1 of 37
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LINDA BRADFORD, as Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a Municipal Corporation; CHICAGO POLICE OFFICER PHYLLIS GILL;  CHICAGO POLICE OFFICER JOHN OTTO; and DETENTION AIDE WEST; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No.: 2011 L 013868 <br><br><br> ***PLAINTIFF DEMANDS A TRIAL BY JURY*** |

### PLAINTIFF'S FIFTH AMENDED COMPLAINT

Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, by and through her attorneys, HENDERSON ADAM, LLC, complains of Defendants, CITY OF CHICAGO, a Municipal Corporation, ("CITY"), CHICAGO POLICE OFFICER PHYLLIS GILL ("GILL"), CHICAGO POLICE OFFICER JOHN OTTO ("OTTO"), and DETENTION AIDE WEST ("WEST"), as follows:

### FACTUAL ALLEGATIONS

1.     LINDA BRADFORD is the Special Administrator of the Estate of DEVELT BRADFORD, deceased.  Attached hereto as Exhibit "A" is a copy of the order appointing LINDA BRADFORD Special Administrator of the Estate of DEVELT BRADFORD.  DEVELT BRADFORD was the husband of Linda Bradford.

**Exhibit A**

2.      On or about Thursday, November 10, 2011, DEVELT BRADFORD was accused of killing a security guard, Reginald Lanier (hereinafter "Lanier"), at a South Side Aldi's supermarket.

3.      Upon information and belief, Lanier was the brother-in-law of former Chicago Police Officer Horace Page, Jr. (hereinafter "Page").

4.      Within a few days following the murder of Lanier, Page's former colleagues from the Chicago Police Department ("CPD") descended upon the home of DEVELT BRADFORD and took him away in the middle of night.

5.      Before DEVELT BRADFORD was taken into police custody he was healthy, had not made any attempt at suicide and bore no signs of torture on his body.

6.      After the police took him from his family, they started to interrogate him about the murder of Lanier at a police station commonly known as Calumet District City of Chicago Police Station (hereinafter "Area Two"), located at 727 East 111th Street, in the City of Chicago, County of Cook, State of Illinois.

7.      There were no civilian witnesses around when police questioned DEVELT BRADFORD.

8.      Unfortunately for DEVELT BRADFORD, the Chicago police officers knowingly and intentionally placed him in a cell where the security camera (or cameras) was not working.

9.      Chicago Police Superintendent, Garry McCarthy, later publicly admitted that the camera (or cameras) inside the cell where DEVELT BRADFORD was interrogated was not working.

10.     The camera (or cameras) inside the cell where DEVELT BRADFORD was held

2

**Exhibit A**

was placed there for safety reasons.

11.     Among other things, the camera (or cameras) was placed in the cell to prevent inmates from being harmed.

12.     Defendant GILL was the Watch Commander on duty when DEVELT BRADFORD was held at Area Two.

13.     Defendant WEST was the Detention Aide during the time DEVELT BRADFORD was in the unsupervised cell at Area Two.

14.     Defendant OTTO and other unnamed detectives questioned DEVELT BRADFORD regarding the Lanier murder and the robbery of Aldi.

15.     Defendant GILL and/or the Chicago police officers who reported to her at Area Two willfully and wantonly disregarded the fact that the camera (or cameras) inside the cell where Develt Bradford was placed was not working.   They placed him in that cell with an utter disregard for his life and safety, by knowingly disregarding the fact that the camera or cameras inside the cell were not working.

16.     The Watch Commander, Defendant GILL, was primarily responsible for and had a duty to safely guard the inmates, including DEVELT BRADFORD.

17.     Chicago police officers, including Defendant OTTO, interrogated DEVELT BRADFORD in his cell with a conscious disregard that the cameras were not working.

18.     During the time DEVELT BRADFORD was being interrogated, Defendant OTTO proclaimed to all who would hear him that DEVELT BRADFORD had already been physically harmed by the police (*e.g.,* tortured) or that he was going to be harmed.

19.     On November 17, 2011, shortly after Defendant OTTO and other unnamed

3

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 3 of 37

**Exhibit A**

Chicago Police officers interrogated DEVELT BRADFORD, he was found dead.

20.     The Chicago police claim that DEVELT BRADFORD committed suicide by hanging.

21.     The Chicago police claim that they did not harm DEVELT BRADFORD.

22.     The Chicago police claim that there were no witnesses to the death of DEVELT BRADFORD.

23.     All of the persons who were on duty when DEVELT BRADFORD died were Chicago police officers and/or agents of the City of Chicago.

24.     Only a handful of those Chicago police officers, including Defendant OTTO, were in close proximity to DEVELT BRADFORD when he died.

25.     DEVELT BRADFORD was roughly 5'5''.

26.     DEVELT BRADFORD was found hanging from the bars of his cell at a height beyond which, upon information and belief, a 5'5" man could reach without the assistance of an object on which to stand or climb.

27.     Upon information and belief, there was nothing in the cell for DEVELT BRADFORD to stand or climb other than the cell bars.

28.     Despite that there was nothing in the cell for DEVELT BRADFORD to stand or climb other than the cell bars, the Chicago police intentionally failed to fingerprint the bars from which DEVELT BRADFORD was found hanging.

29.     Upon information and belief, the Chicago police intentionally failed to fingerprint the bars of DEVELT BRADFORD's cell because investigators did not want to uncover evidence that would undermine their assertion that DEVELT BRADFORD committed suicide.

4

**Exhibit A**

30.     On or around November 21, 2011, Chicago Police Spokesperson Maureen Biggane told the public that the Independent Police Review Authority ("IPRA") was investigating the death of DEVELT BRADFORD.

31.     As of the submission of this Fifth Amended Complaint, over four years after DEVELT BRADFORD *allegedly* committed suicide, IPRA has not given the public any answers about his death.

32.     Moreover, IPRA has not publicly announced a date when it will complete its investigation into DEVELT BRADFORD's death.

33.     Defendants GILL, OTTO, and other unnamed Chicago police officers expect that municipal entities like Office of Professional Standards and IPRA will fail to uncover or disclose police wrongdoing, which reduces the incentive Chicago police officers have to protect the lives of people in their custody like DEVELT BRADFORD.

34.     During all relevant times, Defendant CITY, owned, operated, maintained and controlled Area Two, located at 727 East 111th Street, in the City of Chicago, County of Cook, State of Illinois.

35.     During all relevant times, Defendant CITY was a municipal corporation, and was engaged in the business for which it was incorporated.

### COUNT I - PHYLLIS GILL AND CITYOF CHICAGO
### WRONGFUL DEATH – WILLFUL AND WANTON

36.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

37.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to

5

**Exhibit A**

Defendant GILL, that provided various services at the police station were subject to the applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

38.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, that provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

39.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

40.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

41.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was an arrestee/detainee at Area Two.

42.     On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of

PAGE 6 of 37
2011-L-013868
1/12/2016 12:33 PM
ELECTRONICALLY FILED

Defendant CITY, including but not limited to Defendant GILL.

43.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant GILL, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

44.     On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant GILL, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

45.     On November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant GILL, DEVELT BRADFORD died at the police station of Defendant CITY.

46.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant GILL, had a duty to protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

47.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including, but not limited to, Defendant GILL, acted with a

7

conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT
BRADFORD.

48.     On and between November 15, 2011 and November 17, 2011, and at all times
mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees,
servants and/or other personnel including but not limited to Defendant GILL, had a duty to possess
and apply the knowledge and skill that those of other similarly situated institutions would exercise
under the same or similar circumstances.

49.     At all relevant times, Defendant CITY, by its duly authorized agents, apparent
agents, employees, servants and/or other personnel including but not limited to Defendant GILL,
had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm,
danger and/or death to its invitees, arrestees and detainees therein.

50.     At all relevant times mentioned herein, Defendant CITY, through its duly
authorized agents, apparent agents, employees, servants and/or any other personnel including but
not limited to Defendant GILL, knowingly and intentionally breached its duty and violated the
rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the
following respects:

    a.      Willfully and wantonly and in violation of the standard operating
            procedures of Defendant CITY, placed Plaintiff's decedent,
            DEVELT BRADFORD, in a cell where there was no surveillance;

    b.      Knowingly and intentionally allowed Plaintiff's decedent, DEVELT
            BRADFORD, to be physically and emotionally abused, even unto death;

    c.      Consciously disregarded the rights of Plaintiff's decedent, DEVELT
            BRADFORD, to be in a safe and risk free environment;

    d.      Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT
            BRADFORD, from injury and subsequent death;

8

e.     Consciously disregarded the policies, procedures, rules and regulations set for by Defendant CITY, regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

f.     Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

g.     Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant CITY;

h.     Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

i.     Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

j.     Were otherwise careless and reckless.

51.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions by Defendant CITY, Plaintiff's decedent, DEVELT BRADFORD, sustained injuries of a personal and pecuniary nature which resulted in his death on November 17, 2011.

52.     DEVELT BRADFORD, deceased, left surviving him his wife; LINDA BRADFORD; his son, Develt D. Bradford, his mother; Annie Bradford; sisters, Denice Bradford and Diane Bradford Hyman; and brother, Dwaine Bradford, all who have sustained pecuniary losses as a result of his death, including but not limited to loss of society, companionship, affection, love, and support.

53.     Plaintiff, LINDA BRADFORD, as the duly appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, brings this action pursuant to 740 ILCS 180/1, *et. seq.*, commonly known as the Wrongful Death Act.

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of

9

DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, prays for entry of a judgment against Defendant CITY OF CHICAGO and Defendant GILL in a fair and just amount in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

### COUNT II – CITY OF CHICAGO AND PHYLLIS GILL
### SURVIVAL – WILLFUL AND WANTON

54.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

55.    At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, that provided various services at the police station were subject to the applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

56.    At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, that provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

57.    At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

58.    At all relevant times, Defendant CITY, through its duly authorized agents, apparent

10

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 10 of 37

**Exhibit A**

agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

59.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was an arrestee/detainee at Area Two.

60.     On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant CITY, including, but not limited to, Defendant GILL.

61.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including, but not limited to, Defendant GILL, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

62.     On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant GILL, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

63.     On November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant GILL, DEVELT BRADFORD died at the police

11

**Exhibit A**

station of Defendant CITY.

64.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant GILL, had a duty to protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

65.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including but not limited to Defendant GILL, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT BRADFORD.

66.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including, but not limited to, Defendant GILL, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would exercise under the same or similar circumstances.

67.     At all relevant times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including, but not limited to Defendant GILL, had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

68.     At all relevant times mentioned herein, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant GILL, knowingly and intentionally breached its duty and violated the

12

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 12 of 37

**Exhibit A**

rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the following respects:

    a.    Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY, placed Plaintiff's decedent, DEVELT BRADFORD, in a cell where there was no surveillance;

    b.    Knowingly and intentionally allowed Plaintiff's decedent, DEVELT BRADFORD, to be physically and emotionally abused, even unto death;

    c.    Consciously disregarded the rights of Plaintiff's decedent, DEVELT BRADFORD, to be in a safe and risk free environment;

    d.    Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT BRADFORD, from injury and subsequent death;

    e.    Consciously disregarded the policies, procedures, rules and regulations set forth by Defendant CITY regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

    f.    Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

    g.    Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant CITY;

    h.    Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

    i.    Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

    j.    Were otherwise careless and reckless.

69.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant CITY and Defendant GILL, DEVELT BRADFORD sustained injuries of a personal and pecuniary nature including conscious pain and suffering prior to his death on November 17, 2011. Had DEVELT BRADFORD survived, he would have been

13

**Exhibit A**

entitled to bring an action for these injuries and the action survives his death.

70.     Plaintiff, LINDA BRADFORD, as the duly-appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

71.     Plaintiff's attorney attaches hereto and incorporates herein an affidavit pursuant to Illinois Supreme Court Rule 222, setting forth that she believes the value of this matter exceeds the sum of $50,000.00 (FIFTY THOUSAND DOLLARDS).

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, prays for entry of a judgment against Defendant CITY OF CHICAGO and Defendant GILL in a fair and just amount in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

### COUNT III – JOHN OTTO AND CITY OF CHICAGO
### WRONGFUL DEATH – WILLFUL AND WANTON

72.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

73.     At all relevant times, Defendant CITY by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, provided various services at the police station were subject to the applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

74.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, provided various services at the police station had a duty not to violate the

14

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 14 of 37

**Exhibit A**

rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

75.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

76.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

77.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was an arrestee/detainee at Area Two.

78.     On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant CITY, including but not limited to Defendant OTTO.

79.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant OTTO, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

15

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 15 of 37

**Exhibit A**

80.     On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant OTTO, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

81.     That on November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant OTTO, DEVELT BRADFORD died at the police station of Defendant CITY.

82.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

83.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including but not limited to Defendant OTTO, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT BRADFORD.

84.     On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would

16

**Exhibit A**

exercise under the same or similar circumstances.

85.    At all relevant times, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

86.    At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, knowingly and intentionally breached its duty and violated the rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the following respects:

a.    Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY placed Plaintiff's decedent, DEVELT BRADFORD, in a cell where there was no surveillance;

b.    Knowingly and intentionally allowed Plaintiff's decedent, DEVELT BRADFORD, to be physically and emotionally abused, even unto death;

c.    Consciously disregarded the rights of Plaintiff's decedent, DEVELT BRADFORD, to be in a safe and risk free environment;

d.    Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT BRADFORD, from injury and subsequent death;

e.    Consciously disregarded the policies, procedures, rules and regulations set for by Defendant, CITY, regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

f.    Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

g.    Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant CITY;

h.    Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

17

**Exhibit A**

      i.      Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

      j.      Were otherwise careless and reckless.

87.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions by Defendant CITY, Plaintiff's decedent, DEVELT BRADFORD, sustained injuries of a personal and pecuniary nature which resulted in his death on November 17, 2011.

88.    DEVELT BRADFORD, deceased, left surviving him his wife, LINDA BRADFORD, his son, Develt D. Bradford, his mother, Annie Bradford, sisters, Denice Bradford and Diane Bradford Hyman, and brother, Dwaine Bradford, all who have sustained pecuniary losses as a result of his death, including, but not limited to, loss of society, companionship, affection, love, and support.

89.    Plaintiff, LINDA BRADFORD, as the duly appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, brings this action pursuant to 740 ILCS 180/1, *et. seq.*, commonly known as the Wrongful Death Act.

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, prays for entry of a judgment against Defendant CITY OF CHICAGO and Defendant OTTO in a fair and just amount in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

18

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 18 of 37

**Exhibit A**

## COUNT IV – CITY OF CHICAGO AND JOHN OTTO
## SURVIVAL – WILLFUL AND WANTON

90.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

91.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, provided various services at the police station were subject to the applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

92.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO,  provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

93.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

94.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, involved in the occurrence were acting under the cover of law as sworn law enforcement officers.

95.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent,

19

**Exhibit A**

DEVELT BRADFORD, was an arrestee/detainee at Area Two.

96.     On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant CITY, including but not limited to Defendant OTTO.

97.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant OTTO, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

98.     On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant OTTO, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

99.     On November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant, CITY, including but not limited to Defendant OTTO, DEVELT BRADFORD died at the police station of Defendant CITY.

100.    On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to

20

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 20 of 37

**Exhibit A**

protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

101.   On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including but not limited to Defendant OTTO, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT BRADFORD.

102.   On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would exercise under the same or similar circumstances.

103.   At all relevant times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant OTTO, had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

104.   At all relevant times mentioned herein, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant OTTO, knowingly and intentionally breached its duty and violated the rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the following respects:

a.   Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY, placed Plaintiff's decedent, DEVELT BRADFORD, in a cell where there was no surveillance;

21

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 21 of 37

**Exhibit A**

    b.      Knowingly and intentionally allowed Plaintiff's decedent, DEVELT BRADFORD, to be physically and emotionally abused, even unto death;

    c.      Consciously disregarded the rights of Plaintiff's decedent, DEVELT BRADFORD, to be in a safe and risk free environment;

    d.      Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT BRADFORD, from injury and subsequent death;

    e.      Consciously disregarded the policies, procedures, rules and regulations set for by Defendant, CITY, regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

    f.      Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

    g.      Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant CITY;

    h.      Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

    i.      Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

    j.      Were otherwise careless and reckless.

105.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant CITY and Defendant OTTO, DEVELT BRADFORD sustained injuries of a personal and pecuniary nature including conscious pain and suffering prior to his death on November 17, 2011. Had DEVELT BRADFORD survived, he would have been entitled to bring an action for these injuries and the action survives his death.

106.    Plaintiffs, LINDA BRADFORD, as the duly-appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, bring this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 22 of 37

**Exhibit A**

107.    Plaintiff's attorney attaches hereto and incorporates herein an affidavit pursuant to Illinois Supreme Court Rule 222, setting forth that she believes the value of this matter exceeds the sum of $50,000.00 (FIFTY THOUSAND DOLLARDS).

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, prays for entry of a judgment against Defendant CITY OF CHICAGO and Defendant OTTO in a fair and just amount in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

### COUNT V – DETENTION AIDE WEST AND CITY OF CHICAGO WRONGFUL DEATH – WILLFUL AND WANTON

108.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

109.    At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST provided various services at the police station were subject to the applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

110.    At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

111.    At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services to the general public, invitees, arrestees and detainees

23

including, but not limited to, Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

112. At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

113. On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was an arrestee/detainee at Area Two.

114. On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant CITY, including but not limited to Defendant WEST.

115. On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

116. On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant

24

**Exhibit A**

CITY.

117. On November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant, CITY, including but not limited to Defendant WEST, DEVELT BRADFORD died at the police station of Defendant CITY.

118. On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

119. On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including but not limited to Defendant WEST, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT BRADFORD.

120. On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would exercise under the same or similar circumstances.

121. At all relevant times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST had a duty to exercise ordinary care to provide a safe environment, free of

25

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 25 of 37

**Exhibit A**

potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

122.    At all relevant times mentioned herein, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, knowingly and intentionally breached its duty and violated the rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the following respects:

a.      Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY, placed Plaintiff's decedent, DEVELT BRADFORD, in a cell where there was no surveillance;

b.      Knowingly and intentionally allowed Plaintiff's decedent, DEVELT BRADFORD, to be physically and emotionally abused, even unto death;

c.      Consciously disregarded the rights of Plaintiff's decedent, DEVELT BRADFORD, to be in a safe and risk free environment;

d.      Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT BRADFORD, from injury and subsequent death;

e.      Consciously disregarded the policies, procedures, rules and regulations set for by Defendant CITY regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

f.      Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

g.      Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant CITY;

h.      Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

i.      Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

j.      Were otherwise careless and reckless.

26

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 26 of 37

123.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions by Defendant WEST, Plaintiff's decedent, DEVELT BRADFORD, sustained injuries of a personal nature which resulted in his death on November 17, 2011.

124.    DEVELT BRADFORD, deceased, left surviving him his wife, LINDA BRADFORD; his son, Develt D. Bradford; his mother, Annie Bradford; sisters, Denice Bradford and Diane Bradford Hyman; and brother, Dwaine Bradford, all who have sustained pecuniary losses as a result of his death, including, but not limited to, loss of society, companionship, affection, love, and support.

125.    Plaintiffs, LINDA BRADFORD, as the duly appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, bring this action pursuant to 740 ILCS 180/1, *et. seq.*, commonly known as the Wrongful Death Act.

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, prays for entry of a judgment against Defendant, CITY OF CHICAGO and Defendant WEST in a fair and just amount in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

## COUNT VI - CITY OF CHICAGO AND DETENTION AIDE WEST
### SURVIVAL – WILLFUL AND WANTON

126.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

127.    At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services at the police station were subject to the

27

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 27 of 37

applicable laws set forth by the State of Illinois and the municipality of the City of Chicago and the regulations promulgated therein.

128.     At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD.

129.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant, WEST, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, DEVELT BRADFORD, had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

130.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

131.     On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was an arrestee/detainee at Area Two.

132.     On and between November 15, 2011, and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant, CITY, including but not limited to Defendant WEST.

28

ELECTRONICALLY FILED
1/1/2012 12:33 PM
2011-L-013868
PAGE 28 of 37

133.    On and between November 15, 2011 and November 17, 2011, Plaintiff's decedent, DEVELT BRADFORD, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant, CITY, including but not limited to Defendant WEST, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

134.    On November 17, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, Plaintiff's decedent, DEVELT BRADFORD, was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

135.    On November 17, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, DEVELT BRADFORD, died at the police station of Defendant CITY.

136.    On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to protect the rights of Plaintiff's decedent, DEVELT BRADFORD.

137.    On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including but not limited to Defendant WEST, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, DEVELT

29

**Exhibit A**

BRADFORD.

138.    On and between November 15, 2011 and November 17, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would exercise under the same or similar circumstances.

139.    At all relevant times, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

140.    At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, knowingly and intentionally breached its duty and violated the rights of Plaintiff's decedent, DEVELT BRADFORD, and was negligent in one or more of the following respects:

      a.    Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY placed Plaintiff's decedent, DEVELT BRADFORD, in a cell where there was no surveillance;

      b.    Knowingly and intentionally allowed Plaintiff's decedent, DEVELT BRADFORD, to be physically and emotionally abused, even unto death;

      c.    Consciously disregarded the rights of Plaintiff's decedent, DEVELT BRADFORD, to be in a safe and risk free environment;

      d.    Intentionally failed to reasonably safeguard Plaintiff's decedent, DEVELT BRADFORD, from injury and subsequent death;

      e.    Consciously disregarded the policies, procedures, rules and regulations set for by Defendant CITY regarding safety of its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

30

**Exhibit A**

f.    Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, DEVELT BRADFORD;

g.    Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant, CITY;

h.    Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, DEVELT BRADFORD;

i.    Knowingly deprived Plaintiff's decedent, DEVELT BRADFORD, of the necessary services to maintain the highest practicable level of physical well-being; and

j.    Were otherwise careless and reckless.

141.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant CITY and Defendant WEST, DEVELT BRADFORD sustained injuries of a personal and pecuniary nature including conscious pain and suffering prior to his death on November 17, 2011. Had DEVELT BRADFORD survived, he would have been entitled to bring an action for these injuries and the action survives his death.

142.    Plaintiff, LINDA BRADFORD, as the duly-appointed Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

143.    Plaintiff's attorney attaches hereto and incorporates herein an affidavit pursuant to Illinois Supreme Court Rule 222, setting forth that she believes the value of this matter exceeds the sum of $50,000.00 (FIFTY THOUSAND DOLLARDS).

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, prays for entry of a judgment against Defendant, CITY OF CHICAGO and Defendant WEST in a fair and just amount

31

PAGE 31 of 37
2011-L-013868
1/12/2016 12:33 PM
ELECTRONICALLY FILED

**Exhibit A**

in excess $50,000.00 (FIFTY THOUSAND DOLLARS).

### COUNT VI - LT. PHYLLIS GILL, OFFICER JOHN OTTO, AND DETENTION AIDE WEST
### §1983 FOURTH AMENDMENT -- UNREASONABLE CONDITIONS OF CONFINEMENT

144. Each of the foregoing paragraphs is incorporated as if restated fully herein.

145. At the time of his death, DEVELT BRADFORD had not yet received a *Gerstein* hearing to determine whether there was probable cause for his arrest.

146. Thus, at the time of his death, DEVELT BRADFORD was still entitled to the protections of the Fourth Amendment of the United States Constitution.

147. On the night of his death, DEVELT BRADFORD received notice that he was being charged with First Degree Murder and Robbery.

148. On the night of his death, DEVELT BRADFORD received notice that he would not receive his *Gerstein* hearing within 48-hours of his arrest, as per the rule.

149. At the time of his death, DEVELT BRADFORD was held in cell G-1, out of sight and sound of the booking area of the lockup.

150. The camera or cameras in cell G-1 were not functioning at the time of DEVELT BRADFORD'S death.

151. Defendants GILL, OTTO, and WEST'S actions in placing DEVELT BRADFORD in a cell with non-working cameras was objectively unreasonable and posed a substantial risk of serious harm to DEVELT BRADFORD'S health and safety.

152. Defendants GILL, OTTO, and WEST'S actions in placing DEVELT BRADFORD in a cell out of sight and sound of the booking area was objectively

32

**Exhibit A**

unreasonable and posed a substantial risk of serious harm to DEVELT BRADFORD'S health and safety.

153.    Defendants GILL, OTTO, and WEST'S actions in not moving DEVELT BRADFORD to a cell that was in sight and sound of the booking area after he received notice of his charges and lack of timely *Gerstein* hearing was objectively unreasonable and posed a substantial risk of serious harm to DEVELT BRADFORD'S health and safety.

154.    Defendants GILL, OTTO, and WEST'S actions in not more closely monitoring DEVELT BRADFORD's health and safety after he received notice of his charges and lack of timely *Gerstein* hearing was objectively unreasonable and posed a substantial risk of serious harm to DEVELT BRADFORD'S health and safety.

155.    Because of Defendants GILL, OTTO, and WEST'S unreasonable actions, DEVELT BRADFORD committed suicide.

156.    Defendants GILL, OTTO, and WEST'S aforementioned actions were taken under color of law.

**WHEREFORE**, Plaintiff, LINDA BRADFORD, Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, individually, prays for entry of a judgment against Defendants OFFICER PHYLLIS GILL, OFFICER JOHN OTTO, DETENTION AIDE WEST in a fair and just amount in excess of the jurisdictional requirements and for such other and further relief as this Court deems equitable and just.

ELECTRONICALLY FILED
1/12/2016 12:33 PM
2011-L-013868
PAGE 33 of 37

**Exhibit A**

## COUNT IV- CITY OF CHICAGO
## INDEMNIFICATION PUSUANT TO 745 ILCS 10/9-102

157.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

158.    Defendant City of Chicago is the indemnifying entity for the actions of Defendants

GILL, OTTO, and WEST, described above, who took these actions while acting under the color of

law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should Defendants GILL, OTTO, and WEST be found liable of the claims

set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment

she obtains pursuant to 745 ILCS 10/9-102.

**DATED:**    January 12, 2016

/s/Victor P. Henderson
Victor P. Henderson
One of the Attorneys for Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Phone:   (312) 262-2900
Facsimile: (312) 262-2901
Firm No. 48932
vphenderson@hendersonadam.com
rkaiser@hendersonadam.com

34

**Exhibit A**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Estate of Develt Bradford,    )
                              )   No.
Deceased                   )

### ORDER

THIS CAUSE coming to be heard on the motion of Plaintiff, Develt Bradford,

Deceased, due notice having been given and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

LINDA BRADFORD is appointed Special Administrator of the Estate of DEVELT

BRADFORD, Deceased.

ENTER: _____

_____

JUDGE: _____    JUDGE #

Order Prepared by:

Victor P. Henderson
Vivian Tarver-Varnado
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 1410
Chicago, IL 60606
Telephone: (312) 262-2900
Firms No.: 48932

**ENTERED**
JUDGE THOMAS LIPSCOMB-1854

DEC 27 2011

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**EXHIBIT**

**A**

**Exhibit A**

VPH/VTV

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LINDA BRADFORD, as Special Administrator of the Estate of DEVELT BRADFORD, deceased, and LINDA BRADFORD, Individually, | ) ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| v. | ) No.: 2011 L 013868 |
| | ) ) |
| CITY OF CHICAGO, a Municipal Corporation; and Unknown Employees and Agents of the CITY OF CHICAGO, a Municipal Corporation; CHICAGO POLICE OFFICER PHYLLIS GILL; CHICAGO POLICE OFFICER JOHN OTTO; and DETENTION AIDE, WEST; OFFICE OF THE COOK COUNTY MEDICAL EXAMINER; ARIEL GOLDSCHMIDT, M.D.; and Unknown Employees and Agents of the OFFICE OF THE COOK COUNTY COUNTY MEDICAL EXAMINER, | ) ) ) *PLAINTIFF DEMANDS A* ) *TRIAL BY JURY* ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT

I, the understand, being first duly sworn under oath, depose and state as follows:

1.   I am the attorney for the Plaintiff.

2.   I am executing this Affidavit pursuant to Illinois Supreme Court Rule 222.

3.   That the total amount of money damages sought does exceed the sum of $50,000.00.

1

**Exhibit A**

Further, affiant sayeth not.

By: _____

One Of The Attorneys For Plaintiff

[X]  Under penalties as provided by law pursuant
to 735 ILCS  5/1-109 the undersigned
certifies that the statements set forth
herein are true and correct.

Victor P. Henderson
Vivian Tarver-Varnado
HENDERSON ADAM, LLC
330 S. Wells Street, Suite 1410
Chicago, IL 60606
Phone:  (312) 262-2900
Facsimile:  (312) 262-2901
Firm No. 48932

2